

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed January 26, 2006                                        **United States Bankruptcy Judge**

___

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LEONARD M. FUCHS, | § | CASE NO. 05-36028-BJH-7 |
| | § | |
|     Debtor. | § | |
| | § | |
| ELVIA GONZALEZ MERCADO, | § | |
|     Plaintiff, | § | ADV. PRO. 05-3595-BJH |
|     - against - | § | |
| | § | |
| LEONARD MARVIN FUCHS, | § | |
|     Defendant. | § | |

### Memorandum Opinion and Order Granting Relief from Stay, Abating Nondischargeability Action and Denying Motion to Compel

Before the Court is the motion filed by Plaintiff Elvia Gonzalez Mercado ("Plaintiff") seeking relief from the automatic stay to pursue her prepetition action in the 298th Judicial District Court of Dallas County (the "State Court Action") against Leonard Marvin Fuchs ("Fuchs" or the "Debtor") and to abate a non-dischargeability adversary proceeding in this Court against the Debtor (the "Non-

**Memorandum Opinion and Order**

Dischargeability Action") pending the outcome of the State Court Action (the "Motion to Lift Stay and Abate"). Also before the Court is the Debtor's motion to compel production of certain evidence in the Non-Dischargeability Action (the "Motion to Compel").

The Court has core jurisdiction over the Motion to Lift Stay and Abate and the Motion to Compel in accordance with 28 U.S.C. §§ 1334 and 157(b). This Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law with respect to the Motion to Lift Stay and Abate and the Motion to Compel.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff and the Debtor were married, but are now divorced. Prior to the Debtor filing his voluntary petition under Chapter 7 of the Bankruptcy Code, Plaintiff filed the State Court Action. In the State Court Action, Plaintiff alleged that Fuchs posted various private pictures of Plaintiff in a state of undress on the internet without her consent, and that Fuchs had various nude photographs of Plaintiff displayed in his apartment without her consent. Plaintiff further alleged that as a result of these incidents, she suffered extreme mental anguish and damages to her reputation. Specifically, Plaintiff pled two causes of action against Fuchs in the State Court Action: (i) a claim for invasion of privacy, and (ii) a claim for intentional infliction of emotional distress (collectively, the "Plaintiff's Claims").

Before the State Court Action could be tried, Fuchs filed Chapter 7. Accordingly, the State Court Action was stayed, 11 U.S.C. § 362(a), and the Plaintiff's Claims remain unliquidated.

Plaintiff timely filed the Non-Dischargeability Action, in which she seeks a determination that the Plaintiff's Claims are non-dischargeable in Fuchs' Chapter 7 bankruptcy case in accordance with section 523(a)(6) of the Bankruptcy Code – *i.e.*, that the Plaintiff's Claims are for willful and

malicious injury to Plaintiff. However, Plaintiff wishes to liquidate her claims in the State Court Action before a jury, as would be her right under Texas state law. Accordingly, Plaintiff seeks a lifting of the automatic stay so that she may proceed to liquidate her claims by jury trial in the State Court Action. In addition, Plaintiff seeks to abate the Non-Dischargeability Action pending the outcome of the State Court Action because she believes that the jury's findings in the State Court Action will be entitled to preclusive effect here such that a motion for summary judgment could then dispose of the Non-Dischargeability Action.

The Debtor opposes the Motion to Lift Stay and Abate. The Debtor would rather liquidate the Plaintiff's Claims here as part of the Non-Dischargeability Action, asserting that this would be a more efficient use of judicial resources. Moreover, in the Motion to Compel, the Debtor seeks to compel Plaintiff to answer discovery regarding certain financial and employment matters.

Plaintiff opposes the Motion to Compel, contending that the requested discovery is irrelevant to the issues to be decided in the Non-Dischargeability Action.

## II. LEGAL ANALYSIS

### A. The Motion to Lift Stay and Abate

In order to decide whether the Motion to Lift Stay and Abate should be granted, the Court must first decide if it can liquidate the Plaintiff's Claims against the Debtor – *i.e.*, if it has jurisdiction over those claims. If it does not have jurisdiction over those claims, then the stay must be lifted so that those claims can be liquidated in the State Court Action.[1]

---

[1] While this Court could decide the issues surrounding the non-dischargeability of the Plaintiff's Claims under section 523(a)(6) here first, proceeding to answer the non-dischargeability question would only insure that two trials occurred – *i.e.*, one trial here to determine the non-dischargeability issue and one trial in either the state court or federal district court to liquidate the tort claims. This duplication of effort makes no sense.

So, the first question this Court must answer is whether it has jurisdiction to liquidate the Plaintiff's Claims against the Debtor. The answer turns on the proper characterization of the Plaintiff's Claims. If the Plaintiff's Claims are personal injury tort claims, then the answer is no, this Court does not have jurisdiction to hear and determine the amount of those claims. Under 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(O), and (b)(5), only the district court can determine personal injury tort and wrongful death claims against a debtor – a bankruptcy judge simply does not have jurisdiction to liquidate such claims. This is so notwithstanding the broad grant of jurisdiction to the bankruptcy courts under 28 U.S.C. §§ 1334 and 157 (b)(1) generally. Congress simply concluded that personal injury tort (and wrongful death) claims were types of claims that the bankruptcy courts cannot hear and determine. 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(O), and (b)(5). *See In re Schepps Food Stores, Inc.*, 169 B.R. 374 (Bankr. S.D. Tx. 1994) (explaining core proceedings in bankruptcy and concluding that bankruptcy courts do not have core jurisdiction over personal injury tort and wrongful death claims).

So, to answer the jurisdictional question here, the Court must determine if the Plaintiff's Claims constitute "personal injury tort claims" within the meaning of 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(O), and (b)(5). The Debtor argues that the Plaintiff's Claims are not personal injury tort claims within the meaning of the jurisdictional statutes because Plaintiff did not suffer any bodily injury, concluding that "Plaintiff's claims at best are non-bodily torts that do not merit transferring jurisdiction to another court." Brief of Debtor in Support of Jurisdiction and to Compel Production of Evidence [docket no. 19], at p.5.[2] Needless to say, Plaintiff disagrees. *See* Plaintiff's Response to Brief in Support of Jurisdiction and to Compel Production of Evidence [docket no. 22].

---

[2]The pages are not numbered, but the quotation appears on the 5th page.

**Memorandum Opinion and Order** **Page 4**

For the reasons explained by the court in *In re Thomas*, 211 B.R. 838 (Bankr. D. S.C. 1997), this Court concludes that the Plaintiff's Claims are personal injury tort claims against the Debtor which this Court has no jurisdiction to hear and determine. *See also Schepps Food Stores, Inc.*, 169 B.R. at 376 (finding that the court lacked jurisdiction over claims for invasion of privacy and intentional infliction of emotional distress). And, since the Debtor has not removed the State Court Action to the district court, or asked the district court to withdraw the reference of the Non-Dischargeability Action (so the Plaintiff's Claims could be liquidated and determined to be dischargeable or non-dischargeable in a single action), this Court has no choice but to conclude that cause exists under section 362(d)(1) of the Bankruptcy Code to grant relief from the automatic stay, thereby allowing the Plaintiff's Claims to be liquidated in a court with jurisdiction over those claims.[3]

Accordingly, the stay is lifted to allow the State Court Action to proceed to a final judgment. However, Plaintiff shall take no action to enforce any judgment against the Debtor without further Order of this Court.

Because the Court has determined that the stay should be lifted so that the Plaintiff's Claims can be liquidated in the State Court Action, the Court will abate the Non-Dischargeability Action for a period of six (6) months. This Court is unwilling to abate the Non-Discharageability Action indefinitely as it must control its docket and the Debtor is entitled to a reasonably prompt determination of the issues raised in the Non-Dischargeability Action. However, a six (6) month

---

[3] Even if the Plaintiff's Claims are not personal injury tort claims against the Debtor, Plaintiff asserts that she would be entitled to a jury trial on her claims. Plaintiff did not waive any jury trial right by filing a proof of claim in the Debtor's bankruptcy case. In fact, no bar date was set because this is a no asset Chapter 7 case. *See* docket entry dated August 2, 2005 (reporting that first meeting of creditors was held and concluded, and that there were no assets to administer for the benefit of creditors). If Plaintiff is entitled to a jury trial, and she did not consent to this Court conducting such a trial, 28 U.S.C. § 157(e), either the reference would have to be withdrawn to the district court, 28 U.S.C. § 157(b)(5), or the State Court Action would have to proceed to trial in order to liquidate the Plaintiff's Claims.

**Memorandum Opinion and Order** **Page 5**

abatement should give Plaintiff sufficient time to liquidate the Plaintiff's Claims in the State Court Action.[4] Accordingly, this Court will conduct a status conference with the parties on July 6, 2006, at 9 o'clock a.m., at which time the Court will consider what further action is appropriate with respect to the Non-Discharageability Action.

### B. The Motion to Compel

The discovery the Debtor sought from Plaintiff is not relevant to the issues raised in the Non-Discharageability Action. Accordingly, the Motion to Compel is denied.

## III. CONCLUSION

The Motion to Lift Stay and Abate is granted, and the automatic stay is lifted to permit the State Court Action to proceed to a final judgment. However, Plaintiff shall take no action to enforce any judgment against the Debtor without further Order of this Court.

The Non-Discharageability Action is abated until July 6, 2006 at 9 o'clock a.m., at which time the Court will conduct a status conference with the parties to discuss what further action is appropriate with respect to the Non-Discharageability Action.

The Motion to Compel is denied.

**SO ORDERED**.

### End of Order ###

---

[4] While the State Court Action may not be finally concluded within this six (6) month period, the Court can consider what further action is appropriate at the status conference.